**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYRON RAY REED,<br><br>            Petitioner,<br><br>       v.<br><br>JEFFREY A. BEARD, Doctor,<br><br>            Respondent. | Case No. 1:14-cv-00090-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a signed writing filed on January 28, 2014.

Pending before the Court is the petition, which was filed on January 22, 2014.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
///

II. <u>Background</u>

Petitioner alleges that he is serving a sentence of three years imposed in the Fresno County Superior Court in 2013 for conviction of robbery. (Pet., doc. 1, 1-2.) In the petition, Petitioner challenges the allegedly unconstitutional opening of his legal mail on or about October 29, 2013, at Wasco State Prison and the loss of documents and interruption of his appellate proceedings that occurred when his mail was opened. (<u>Id.</u> at 2-3.)

However, the present petition is not the first petition filed with respect to Petitioner's claims concerning his legal mail. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

In <u>Myron Ray Reed v. Jeffrey A. Beard, Dir., et al.</u>, case number 1:14-cv-00012-SAB-HC, on January 14, 2014, the Court denied on the merits Petitioner's petition for writ of habeas corpus that challenged the same misfeasance concerning Petitioner's legal mail that is the subject of the present petition. (Doc. 1, 2-3.) The Court dismissed the petition on the merits on the ground that the claim concerning mail constituted a claim concerning conditions of confinement that was not cognizable in a proceeding pursuant to 28 U.S.C. § 2254. (Doc. 7.) Petitioner did not file an appeal from the judgment.

III. <u>Successive Petition</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

3

of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petition to file a second or successive petition.  Section 2244(b))3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district court.  <u>See</u>, <u>Felker v. Turpin</u>, 518 U.S. 651, 656-57 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C.

4

§ 2244(b)(1).  This limitation has been characterized as jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).  The AEDPA does not define the terms "second or successive," but the Supreme Court and Ninth Circuit Court of Appeals have interpreted the statutory terms to have evolved from the pre-AEDPA doctrine of "abuse of the writ."  Hill v. State of Alaska, 297 F.3d 895, 897-98 (9th Cir. 2002) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996) and Calderon v. United States Dist. Court, 163 F.3d 530, 538 (9th Cir. 1998)(en banc)).

Rules of finality, whether based on statute or judicial decision, generally treat a dismissal for failure to state a claim as a dismissal on the merits.  See, Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (noting that a dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a judgment on the merits); Dellenbach v. Hanks, 76 F.3d 820, 822-23 (7th Cir. 1996) (distinguishing between a dismissal for failure to state a claim and a dismissal because insufficient substantiation of a claim was provided); Williams v. Armontrout, 855 F.2d 578, 580 (8th Cir. 1988) (dismissal for legal insufficiency, or not stating facts constituting a violation of constitutional rights as a matter of law, is a decision on the merits); Del Campo v. Kennedy, 491

5

F.Supp.2d 891, 902 (N.D.Cal. 2006), aff'd., Del Campo v. Kennedy, 517 F.3d 1070 (9th Cir. 2008) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981), and noting that historically, courts have considered a dismissal of a civil claim with prejudice for failure to state claim to be a dismissal on the merits for res judicata purposes); Arreola v. Board of Prison Hearings, 2012 WL 4862540, *2 (No. 2:11-cv-1974-DAD P, E.D. Cal. Oct. 11, 2012) (unpublished) (a Rule 60(b) motion to reconsider the dismissal of the petition for failure to state a cognizable claim is a decision on the merits which requires the petitioner to seek authority to proceed from the Court of Appeals); Harris v. Copenhaver, 2012 WL 2553635, *3 (No. 1:12-cv-00938-AWI-DLB (HC), E.D. Cal. June 29, 2012) (unpublished) (a petition brought pursuant to § 2241 was barred by § 2244(a) as successive because a previous petition including the same claim was dismissed for failure to state a cognizable claim).

　　　　Here, the first petition concerning Petitioner's claim was denied on the merits.  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the convictions.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from the conviction under section 2254 and must dismiss the petition.  See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.
///

IV. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good

faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, a certificate of appealability should not issue.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as successive; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close this action because the dismissal will terminate the action in its entirety.

IT IS SO ORDERED.

Dated: **February 25, 2014**     /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE